**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| Jane Doe C.D., an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NO:**  19-CV-11192 |
| | ) | |
| R-ROOF ASSET, LLC (d/b/a Red Roof | ) | |
| PLUS+ BOSTON - FRAMINGHAM); | ) | |
| RED ROOF INNS, INC.; and AMBACH | ) | |
| CORP. (d/b/a MARSHFIELD INN), | ) | |
| | ) | |
| Defendants. | ) | |

---

### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION TO PROCEED UNDER PSEUDONYM

---

### I.      Introduction

Plaintiff in this action asks the Court to permit her to proceed under pseudonym.  The facts of this case, as detailed in the Complaint, involve the sex trafficking of the Plaintiff for almost two years by an individual who forced her compliance through physical, verbal and financial abuse. Plaintiff fears reprisal from her trafficker should her or her trafficker's identity become public knowledge in the context of this litigation.

Plaintiff further wishes to protect and guard against the release of her identity due to the highly personal and potentially stigmatizing sexual information which would be forever associated with her name if it was publicized.  The facts and circumstances at issue in this litigation will require Plaintiff to disclose information of the utmost intimacy.  Accordingly, Plaintiff's identity should be protected from public disclosure in court records at this time.

As such, Plaintiff Jane Doe C.D. requests this Court to permit her to proceed pseudonymously, to permit the filing of all unredacted consent forms under seal, and to require redaction of any identifying information filed in Court by any party to this action or third-party.

**II.      Law & Argument**

Generally, pleadings must state the name of all parties. *See* Fed. R. Civ. P. (10)(a) ("…the title of the complaint must name all the parties…"). While there is a presumption of open judicial proceedings pursuant to this rule, there are exceptions when the issues involved are of a sensitive and highly personal nature. Neither the Supreme Court nor the First Circuit has set forth a test to determine when a plaintiff may overcome the presumption of openness in judicial proceedings and proceed under pseudonym, but has stated that the court must balance the need for confidentiality against the public interest in disclosure. *Doe v. Prudential Ins. Co. of America,* 744 F.Supp. 40, 41 (D.R.I.1990). The balancing tests used by other circuits elucidate a number of factors to be considered in making the determination.

The Second Circuit has found that the decision as to whether a plaintiff may proceed pseudonymously requires a balancing of the plaintiff's interest in anonymity with the public interest in disclosure, and any prejudice to the defendant. *Sealed Plaintiff v. Sealed Defendant #1,* 537 F. 3d 185, 189 (2d Cir. 2008); *see also Doe v. Bell Atl. Bus. Sys. Servs., Inc.,* 162 F.R.D. 418, 420 (D. Mass. 1995) ("The analysis is as follows: 1) there is a presumption in favor of disclosure; 2) a party may rebut the presumption by showing that a need for confidentiality exists; 3) the court must balance the need for confidentiality against the public interest in disclosure."). The Ninth Circuit has held that the circumstances in which pseudonymous litigation is appropriate include: "(1) when identification creates a risk of retaliatory physical or mental harm,…; (2) when anonymity is necessary 'to preserve privacy in a matter of sensitive and highly personal nature,'…; and (3) when the anonymous party is 'compelled to admit [his or her] intention to engage in illegal

2

conduct, thereby risking criminal prosecution'…" *Does I thru XXIII v. Advanced Textile Corp.,* 214 F.3d 1058, 1068 (9th Cir. 2000) (internal citations omitted)). Similarly, the Sixth Circuit has "excuse[d] plaintiffs from identifying themselves in certain circumstances." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). "Several considerations determine whether a plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings." *Id.* They include:

> (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information "of the utmost intimacy"; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children.

*Id.* "This manner of proceeding is most often utilized when there is the strong likelihood that the party would be held up to public ridicule or scorn." *Gomez v. Buckeye Sugars*, 60 F.R.D. 106, 107 (N.D. Ohio 1973). The various factors considered by courts in determining whether to allow plaintiffs to proceed with pseudonymous status demonstrate the necessity in this case.

1. **This litigation involves matters of the utmost intimacy that are sensitive and highly personal in nature.**

This litigation involves the disclosure of stigmatizing sexual information, including rape. Courts often permit sexual assault survivors to proceed with pseudonymous status, recognizing that such events frequently involve the disclosure of highly personal and often stigmatizing information. *See Doe v. Dabbagh*, No. 15-cv-10724, slip op. at 2 (E.D. Mich., May 28, 2015 ("[M]any courts allow rape victims to proceed under pseudonyms, at least until trial. The allegations often involve compelled sex acts that degrade and stigmatize the victim."); *see also*, *Doe v. Penzato*, No. CV10-5154, WL 910738 (N.D. Cal. May 13, 2011) (granting motion to proceed anonymously to plaintiff making allegations of human trafficking and sexual assault); *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006) (granting pseudonymous status in part because "the public generally has a strong interest in protecting the identity of sexual assault

victims so that other victims will not be deterred from reporting such crimes"); *Roe v. St. Louis Univ.*, No. 4:08CV 1474, 2009 U.S. Dist. 2009 WL 910738 at *13-14 (E.D. Mo. Apr. 2, 2009) (granting anonymous status to rape victim); *see also Doe v. Cabrera*, 307 F.R.D. 1, 5 (D.D.C. 2014) ("Courts generally allow a plaintiff to litigate under a pseudonym in cases containing allegations of sexual assault because they concern highly sensitive and personal subjects"); *EW v. New York Blood Ctr.*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003) ("[M]any courts have held that, in lawsuits centering around sexual activity and behavior, a plaintiff is entitled to proceed under a pseudonym where revealing the plaintiff's name subjects him or her to the risk of public disapproval, harassment, or bodily harm.").

**2.  Identification poses risks to Plaintiff.**

Another factor is "whether identification poses a risk of retaliatory physical or mental harm to the ... party [seeking to proceed anonymously]…" *Sealed Plaintiff*, 537 F.3d at 190. If Plaintiff is identified publicly, she risks retaliatory physical and mental harm from her trafficker. Plaintiff also fears stigma from her family, friends, employer, and community if her true identity was revealed in the public record.

Plaintiff should not be compelled to disclose her identity in order to maintain her privacy and safety. As such, Plaintiff's privacy interest substantially outweighs the customary practice of judicial openness. *See Doe v. Déjà Vu Consulting, Inc., et al.*, 2017 U.S. Dist. LEXIS 142019, at *15 (M.D. Tenn Sept. 1, 2017) ("In light of the absence of prejudice to the defendants or to the public, the court finds the plaintiff's 'privacy interests outweigh the presumption of open judicial proceedings.' The court will grant her motion to file pseudonymously and to maintain the confidentiality of her identity….").

3. **The public's interest in this case is not furthered by the disclosure of Plaintiff's name.**

In this case, the public's interest in the litigation will not be furthered by disclosure of Plaintiff's identity. The lawsuit raises questions of law about whether the Defendants knowingly benefited financially from participating in illegal sex trafficking ventures. The identity of the specific plaintiff here is not relevant to public assessment of those issues.

4. **The Defendants are not prejudiced by allowing Plaintiff to proceed under pseudonym.**

Defendants will not be prejudiced should Plaintiff proceed under pseudonym. Plaintiff will agree to reveal her identity and the identity of her trafficker to Defendants for the limited purpose of investigating Plaintiff's claims once the parties have entered into a protective order. Plaintiff simply seeks redaction of Plaintiff's personally identifying information from the public docket and assurances that Defendants will not use or publish Plaintiff's identities in a manner that will compromise her safety, personal life or future employment prospects.

### III.    Conclusion

For the reasons stated herein, Plaintiff respectfully requests that this Court grant her motion to proceed under pseudonym.

Dated: May 28, 2019

**RESPECTFULLY SUBMITTED,**
**PLAINTIFF,**
**By Her Attorneys,**


/s/ Kimberly A. Dougherty
Kimberly A. Dougherty, Esq. (BBO #658014)
Lisa S. Lee, Esq. (BBO #684631)
ANDRUS WAGSTAFF, P.C.
19 Belmont Street
South Easton, MA 02375
Tel: (508) 230-2700
Fax: (303) 376-6361
Email: kim.dougherty@andruswagstaff.com
Email: lisa.lee@andruswagstaff.com

and

Jaime M. Farrell, Esq. (BBO# 658368)
Paul Pennock, Esq. (*to be admitted pro hac vice*)
Weitz & Luxenberg, P.C.
700 Broadway
New York, NY 10003
Tel: (212) 485-1831
Fax: (212) 344-5461
Email: jfarrell@weitzlux.com


## CERTIFICATE OF SERVICE

I hereby certify that on this the 28th day of May, 2019, I electronically filed the foregoing

with the Clerk of the Court by using the CM/ECF system which will send a notice of this electronic

filing to all parties and or counsel of record in this action.

/s/ Kimberly A. Dougherty
Kimberly A. Dougherty, Esq.
ANDRUS WAGSTAFF, P.C.
19 Belmont Street
South Easton, MA 02375
T: (508) 230-2700
F: (303) 376-6361
E: kim.dougherty@andruswagstaff.com