UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANE DOE C.D., an individual,<br><br>Plaintiff,<br><br>v.<br><br>R-ROOF ASSET, LLC (d/b/a RED ROOF PLUS+ BOSTON – FRAMINGHAM); RED ROOF INNS, INC.; and AMBACH CORP. (d/b/a MARSHFIELD INN)<br><br>Defendants. | Civil Action No. 1:19-cv-11192 |

## STIPULATED PROTECTIVE ORDER

Upon stipulation of Plaintiff, Jane Doe C.D. ("Plaintiff") and Defendants, R-Roof Asset, LLC, Red Roof Inns, Inc., and Ambach Corp. ("Defendants") (collectively, the "Parties"), it is hereby ORDERED, pursuant to Fed. R. Civ. P. 26(c) and Fed. R. Civ. P. 5.2, that:

1. Counsel for Plaintiff shall provide to Counsel for Defendants the true identity and identifying information ("true identity") of Plaintiff upon entry of the instant Order by the Court. As used herein, true identity includes, but is not limited to, information such as:

    a) Name, maiden name, married name, and any alias name used at any time, including, but not limited to, any names used at Defendants' facilities;

    b) Date of birth;

    c) Social Security Number; and

    d) Current address and any prior addresses from 2016 to present.

Notwithstanding the foregoing, Defendants expressly reserve their respective rights to request from Plaintiff, during the course of discovery, any other information that is linked or linkable to the true identity of Plaintiff, such as, but not limited to, any medical, educational,

financial, employment, or other identifying information. Relatedly, Plaintiff agrees that nothing in this Stipulated Protective Order relieves Plaintiff of the obligation to produce any discoverable documents or information that Plaintiff would otherwise be required to produce in the normal course of discovery.

2. Plaintiff is permitted to proceed pseudonymously through-out the pretrial proceedings in this case but the Court will determine, at an appropriate time, if she may remain anonymous during the public trial, if and when that occurs. The Parties will refer to plaintiff as "Jane Doe, C.D." or "Plaintiff" in all filings, pleadings, discovery and pre-trial Court proceedings.

3. The Parties, as well as their agents, employees, and assigns shall keep Plaintiff's true identity confidential during and after the conclusion of this matter. Notwithstanding the foregoing, the Parties may disclose Plaintiff's true identity to the following:

   a) The Parties to this litigation, including any employees, agents, and representatives of the Parties as needed to litigate any claims or defenses;

   b) Counsel for the Parties and employees, agents, and representatives of counsel as needed to litigate any claims or defenses;

   c) Insurance claim adjusters, employees, agents, and representatives of the Parties that are or may be required to pay any settlement or judgment in this matter on behalf of the Parties to this litigation;

   d) The Court, court personnel, and members of the jury;

   e) Court reporters, recorders, and videographers engaged for depositions or video-taped trial testimony;

   f) Any mediator appointed by the Court or jointly selected by the Parties;

   g) Any expert witness, outside consultant, or investigator retained specifically in connection with this litigation;

   h) Any potential, anticipated, or actual fact witness and his or her counsel, but only to the extent that Plaintiff's true identity will assist the witness in recalling, relating, or explaining facts for purposes of depositions and/or testimony;

i) Any custodian of records, but only to the extent that Plaintiff's true identity will assist the custodian in obtaining and producing records;

j) Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation;

k) Government agencies and agency personnel, but only to the extent that the disclosure of Plaintiff's true identity is necessary to litigate any claims or defenses or to comply with any obligations or requirements; and

l) Other persons or entities as needed to litigate any claims or defenses upon consent of the Parties. Consent shall not be unreasonably withheld.

4. Nothing in this Stipulated Protective Order authorizes the filing of protected materials under seal. Documents may not be filed with the Court under seal without leave of the Court as to each such filing, upon motion and for good cause shown, including the legal basis for filing under seal.

5. All Parties and any third parties appearing or submitting filings in this case are required to redact the true identity and any identifying information (for example, Social Security Number, date of birth, address, medical records number) of Plaintiff in their filings with the Court.

6. To the extent any Party or non-party has questions or concerns about whether any forthcoming filing complies with the requirements of this Stipulated Protective Order, such party or non-party should seek leave of the Court prior to submitting any such filing.

7. Given this Stipulated Protective Order, the Parties agree that the Stipulated Protective Order does not supersede the Order to proceed under a pseudonym. *See* Docket No. 15.

8. The Parties will comply with the good faith meet-and-confer requirement in Local Civil Rule 7.1 (a)(2) and Fed. R. Civ. P. 37(a)(1) prior to seeking judicial intervention if there are any disputes relating to this Stipulated Protective Order.

9. The Parties agree that this Stipulated Protective Order is subject to the provisions of Local Civil Rule 7.2.

**SO STIPULATED:**

Dated: November 19, 2019

/s/
Jaime M. Farrell (BBO No. 658368)
Paul J. Pennock (*PHV Admission*)
Samantha Breakstone (*PHV Admission*)
**Weitz & Luxenberg, P.C.**
700 Broadway
New York, NY 10003
Telephone: (212) 485-1831
Facsimile: (212) 344-5461
Email: jfarrell@weitzlux.com
Email: ppennock@weitzlux.com
Email: sbreakstone@weitzlux.com

/s/
Kenneth B. Walton (BBO No. 562174)
Courtney Longo (BBO No. 666466)
**Lewis Brosbois Bisgaard & Smith, LLP**
One International Place, 3rd Floor
Boston, MA 02110
Telephone: (857) 313-3936
Facsimile: (857) 313-3951
Email: courtney.longo@lewisbrisbois.com
Email: ken.walton@lewisbrisbois.com

/s/
Kim Dougherty (BBO No. 658014)
**Andrus Wagstaff, PC**
19 Belmont Street
S. Easton, MA 02375
Telephone: (508) 230-2700
Facsimile: (303) 376-6361
Email: kim.dougherty@andruswagstaff.com

*Counsel for Plaintiff*

/s/
Martin C. Winstead (BBO No. 655494)
**Winstead Law**
209 Broadway
Hanover, MA 02339
Telephone: (781) 826-5900
Facsimile: (781) 826-5902
Email: marty@winsteadlaw.info

*Counsel for Defendants*

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**